ARTHUR J. MADIGAN et al., Appellants, v UNITED PARCEL SERVICE, INC., et al., Respondents. [598 NYS2d 634] —Order unanimously reversed on the law with costs, motion granted and cross motion denied. Memorandum: Plaintiff Arthur J. Madigan (plaintiff) was injured while working for the general contractor hired to construct an UPS delivery facility on James Casey Road in Buffalo. The four-foot wall forms of the building on which plaintiff was working were placed in a three-foot trench, leaving only one foot of the forms above ground level. Plaintiff was replacing the ties placed horizontally through the wall forms when the accident occurred. According to plaintiff, he had finished his work on the inside of the wall forms and had climbed on top of a reinforcing rod cage to get to the outer side of the wall forms; his feet were three to four feet from the ground. As he walked on the cage, the rods separated and he fell backwards, hanging by his knee and sustaining injuries.

The court erred in denying the motion for partial summary judgment on plaintiff's Labor Law § 240 claim and in granting defendants' cross motion to dismiss that claim. Defendants' argument that plaintiff was not engaged in work-related activities when he fell lacks merit (*see, Hagins v State of New York*, 81 NY2d 921; *Reeves v Red Wing Co.*, 139 AD2d 935, 936). Because plaintiff's work involved a risk related to differences in elevation, the court erred in finding that section 240 does not apply (*see, Groves v Land's End Hous. Co.*, 80 NY2d 978, 980, citing *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Hagins v State of New York, supra*). Contrary to defendants' contention, the fact that the accident was unwitnessed does not require a trial; plaintiff's account of the accident was uncontroverted (*cf., Carlos v Rochester Gen. Hosp.*, 163 AD2d 894) and a co-worker corroborated plaintiff's account (*see, Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 956; *Marasco v Kaplan*, 177 AD2d 933). There is no merit to defendants' argument that they established that there were available safety devices (*see, Stolt v General Foods Corp.*, 81 NY2d 918; *Howell v Rochester Inst. of Technology*, 191 AD2d 1006; *Allman v Ciminelli Constr. Co.*, 184 AD2d 1022). Defendants' assertion that the general contractor's employees were instructed not to walk on the rod cages is equally unavailing; even assuming that plaintiff was so instructed, such an instruction "is not itself a 'safety device' " (*Stolt v General Foods Corp., supra*, at 920).

Finally, we reject defendants' argument that plaintiff failed to show that UPS is subject to Labor Law § 240 liability. The East Region Project Engineer for UPS asserted in an affidavit that he was responsible for "overseeing the design and construction of new UPS facilities," including the one at issue here, and UPS accepted the general contractor's proposal on behalf of Newbany, its wholly owned subsidiary. Thus, UPS is as liable as Newbany (*see, Russin v Picciano & Son*, 54 NY2d 311, 317-318; *Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1001; *Magrath v Migliore Constr. Co.*, 139 AD2d 893). (Appeal from Order of Supreme Court, Erie County, Fallon, J.—Summary Judgment.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.