■ RICHARD HOFFMEISTER, JR., Respondent, v OAKTREE HOMES, INC., Appellant and Third-Party Plaintiff-Appellant. J.E.B. CONTRACTING, Third-Party Defendant-Respondent-Appellant. (Appeal No. 2.) [615 NYS2d 177] —Order unanimously affirmed without costs. Memorandum: We reject the contention of defendant Oaktree Homes, Inc. (Oaktree Homes) that factual issues exist whether the area where plaintiff was working, a cross beam lying across concrete foundation walls and situated some 8 to 12 feet above the basement floor, constituted part of the work place within the meaning of Labor Law § 240 (1) and whether plaintiff was a recalcitrant worker.

Plaintiff was employed by third-party defendant, J.E.B. Contracting, to move a modular home and place it on foundation walls. A wooden structure had been built on the foundation walls and a tarpaulin placed over it to protect the foundation from the winter elements. The tarpaulin structure had to be removed before the modular home could be placed on the foundation. Assuming, arguendo, that Oaktree Homes could establish that plaintiff was told not to remove the tarpaulin structure, that structure nevertheless constituted part of the work place for purposes of Labor Law § 240 (1) *(see, Hagins v State of New York,* 159 AD2d 941, *affd* 81 NY2d 921). Further, plaintiff's disregard of the instruction not to go onto the cross beam to remove the tarpaulin structure would not be sufficient to raise a factual issue in support of the recalcitrant worker defense *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563; *Hagins v State of New York,* 81 NY2d 921, 922-923, *supra; Madigan v United Parcel Serv.,* 193 AD2d 1102, 1103). Thus, Supreme Court properly granted summary judgment to plaintiff on his labor law § 240 (1) cause of action. (Appeals from Order of Supreme Court, Orleans County, Whelan, J.—Labor Law § 240 [1]). Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.