■ ALBERT ADAMS, JR., Appellant, v CIMATO BROS., INC., et al., Respondents and Third-Party Plaintiffs. BIG G ROOFING, Third-Party Defendant-Respondent. [617 NYS2d 251] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff was injured while working for Big G Roofing, the roofing subcontractor hired by Forbes Homes, Inc., the general contractor, in connection with the construction of a home located at 17 Mill Valley Drive, Williamsville, New York. According to plaintiff, he was carrying roofing materials along the peak of the roof when his foot slipped and he fell to the ground. The record reveals that no safety devices were so placed "as to give proper protection" to plaintiff (Labor Law § 240 [1]).

Supreme Court erred in denying the motion of plaintiff for partial summary judgment on his Labor Law § 240 (1) cause of action. Plaintiff demonstrated, by the submission of evidentiary proof in admissible form, that defendants breached their nondelegable duty imposed by the statute and that their breach of that duty was a proximate cause of plaintiff's injuries (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). The argument of the third-party defendant that plaintiff was not engaged in a work-related activity at the time he fell lacks merit (see, Madigan v United Parcel Serv., 193 AD2d 1102, 1103; see also, Hagins v State of New York, 81 NY2d 921; Reeves v Red Wing Co., 139 AD2d 935, 936). Additionally, the mere presence of safety devices at the work site does not defeat plaintiff's entitlement to the requested relief (see, Bland v Manocherian, 66 NY2d 452, 460-461; Haystrand v County of Ontario, 207 AD2d 978 [decided herewith]; Heath v Soloff Constr., 107 AD2d 507).

Finally, the so-called recalcitrant worker defense recognized in Smith v Hooker Chems. & Plastics Corp. (89 AD2d 361, appeal dismissed 58 NY2d 824) may not be invoked. Defendants contend that plaintiff twice disobeyed instructions to return to the peak of the roof and remain there until the scaffolding was put in place. The Court of Appeals has held, however, that "an instruction by an employer to avoid using unsafe equipment or engaging in unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available,

safe and appropriate equipment" *(Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563, citing *Stolt v General Foods Corp.,* 81 NY2d 918, 920; *see also, Hagins v State of New York, supra,* at 922-923; *Hoffmeister v Oaktree Homes,* 206 AD2d 921; *Madigan v United Parcel Serv., supra,* at 1103). Moreover, "[e]vidence of such instructions does not, by itself, create an issue of fact sufficient to support a recalcitrant worker defense" *(Gordon v Eastern Ry. Supply, supra,* at 563). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.