■ RICHARD CABRI, Respondent, v ICOS CORPORATION OF AMERICA, Defendant, and JOHN P. PICONE, INC., Defendant and Third-Party Plaintiff. NICHOLSON CONSTRUCTION COMPANY, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [658 NYS2d 646] —In an action to recover damages for personal injuries, the third-party defendant, Nicholson Construction Company, appeals from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered May 29, 1996, as, upon reargument, granted the plaintiff's motion for summary judgment on the issue of liability against the defendant John P. Picone, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he fell from the ladder at-

tached to the inside of a steel tank due to a broken rung. The tank was used to produce and store material needed for the construction of a pumping station in Richmond County. At the time of his injury, the plaintiff was cleaning the tank in preparation for its removal from the construction site and return to its owner. The plaintiff brought this action against the general contractor and the owner of the tank alleging violations of the Labor Law. The defendant, John P. Picone, Inc., commenced a third-party action against the plaintiff's employer, Nicholson Construction Company (hereinafter Nicholson), seeking common-law and contractual indemnification.

Relying on the decision of the Appellate Division, Third Department, in *Covey v Iroquois Gas Transmission Sys.* (218 AD2d 197, *affd* 89 NY2d 952), the Supreme Court granted the plaintiff summary judgment against the general contractor on his cause of action under Labor Law § 240 (1) on the issue of liability. Nicholson, who opposed the plaintiff's motion, was aggrieved by the grant of summary judgment against the general contractor and is, therefore, entitled to appeal the order *(see,* CPLR 5511; *Schieve v International Bus. Machs. Corp.,* 157 AD2d 924).

The affirmance of *Covey v Iroquois Gas Transmission Sys.* *(supra)* by the Court of Appeals forestalls the need to address the issue, as framed by the parties, of whether the steel tank in which the plaintiff was injured is a structure within the meaning of Labor Law § 240 (1). The work performed by the plaintiff was part of the construction of a pumping station, and it is irrelevant whether the tank is a "structure" as that term is defined by Labor Law § 240 (1), since the relevant inquiry is whether the pumping station is a structure within the meaning of the statute *(see, Covey v Iroquois Gas Transmission Sys., supra,* at 199). It is clear that the pumping station is a structure under the statute *(see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943).

Furthermore, we find that the plaintiff was not engaged in routine cleaning or routine maintenance at the time of his injury. The plaintiff's assigned task of cleaning the tank in preparation for its shipment off the site was "necessitated by and incidental to the construction, and involved materials [used] in connection therewith" *(Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79). Finally, there are no issues of fact which would preclude granting summary judgment to the plaintiff on the issue of liability *(see, D'Amico v Manufacturers Hanover Trust Co.,* 177 AD2d 441).

Although not raised as an issue on this appeal, to the extent

that the recent amendment to the Workers' Compensation Law, limiting the right of third-parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by an employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7). Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.