■ WILLIAM G. CURTIS, Appellant, v HALMAR CORPORATION, Defendant and Third-Party Plaintiff-Respondent. THUNDER-BIRD CONSTRUCTORS, INC., Third-Party Defendant-Respondent. [672 NYS2d 409] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), entered May 1, 1997, which, upon a jury verdict, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents.

The plaintiff was injured when he allegedly fell from a ladder which "kicked out" from under him as he attempted to place a drill and an extension cord on a five to six-foot high railway platform. The plaintiff is five feet, three inches tall, and, after he allegedly fell, he simply placed the drill and cord on the platform without the use of the ladder. At trial, the jury found that any violation of Labor Law § 240 by the defendant was not a substantial factor in the causing of the plaintiff's injuries.

The plaintiff's contention that the jury verdict was inconsistent is without merit. The jury found that the defendant failed to provide necessary safety devices for the erection of a canopy over the platform at the Beacon train station, but that this failure was not a substantial factor in causing the plaintiff's injury. Given that the defendant had admitted that it provided no devices whatsoever, leaving that task to the third-party defendant, and given that the court instructed the jury that the defendant may not delegate this duty, the jury was compelled to find that the defendant failed to provide such devices, in answer to the first interrogatory given to the jury. Nevertheless, the jury could have found either that the accident had not occurred as the plaintiff claimed, or that no safety device was necessary to perform the task which allegedly injured the plaintiff. Thus, the jury could reasonably have concluded that the failure by the plaintiff to provide safety devices was not a substantial factor in causing the plaintiff's injury. Therefore, the verdict is consistent and reversal is unwarranted (*see generally, Rosas v Ishack,* 219 AD2d 633, 634; *Rubin v Pecararo,* 141 AD2d 525, 526).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.