■ ANTHONY MARIANI, Appellant, v NEW STYLE WASTE RE-MOVAL CORP., Respondent, et al., Defendant. (And a Third-Party Action.) [702 NYS2d 113] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated January 5, 1999, which denied his motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured when he slipped and fell from the top of a ten-foot-high retaining wall while in the process of storing building materials. It is uncontroverted that there were no ladders, scaffolding, or safety devices provided or in use at the time of the accident. However, although the plaintiff had been ordered to clean up the job site, he had not been directed to either scale the wall or store the building materials on top of it.

Under the circumstances presented in this case, a question of fact exists on the issue of whether Labor Law § 240 (1) was violated. Accordingly, the Supreme Court properly denied the plaintiff's motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Altman, J. P., Schmidt and Smith, JJ., concur.

H. Miller, J., dissents and votes to reverse and grant partial summary judgment on the issue of liability, with the following memorandum: The plaintiff was allegedly injured when he fell from the top of a ten-foot-high wall that had been constructed by his employer, the third-party defendant LoSinto General Contracting Corp. The Supreme Court denied the plaintiff's motion for summary judgment on his Labor Law § 240 (1) cause of action on the ground that "[s]ince the wall on which the plaintiff [*sic*] did not collapse, the issue of whether it provided proper protection is one for the jury".

Contrary to the Supreme Court's finding, the ten-foot high wall from which the plaintiff fell is not an enumerated safety device under Labor Law § 240 (1) and the plaintiff is not required to demonstrate that the wall failed to provide proper protection. The plaintiff, at the time of the accident, was transferring rebars left over from the construction of the wall from the ground to the top of the wall so they would not be buried by the rubbish being stored on the construction site by the defendant New Style Waste Removal Corp. The plaintiff's assigned task of removing material from the ground level in preparation for its removal from the site was "necessitated by and incidental to the construction, and involved materials [used] in connection therewith" (*Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79; *see also, Cabri v ICOS Corp.,* 240 AD2d 456). Because the plaintiff's work involved a risk related to differences in elevation, one or more of the safety devices enumerated in Labor Law § 240 (1) were required, and it is undisputed that none were provided.

Contrary to the finding of the majority, the fact that no one had specifically directed the plaintiff to ascend the wall is insufficient to create a triable issue of fact, since the plaintiff's negligence in doing so, if any, and the fact that the top of the wall was not a work area to which the plaintiff had been specifically directed, are not defenses to the absolute liability imposed by Labor Law § 240 (1) (*see, Hagins v State of New York,* 81 NY2d 921; *Stolt v General Foods Corp.,* 81 NY2d 918; *Adams v Cimato Bros.,* 207 AD2d 997; *Madigan v United Parcel Serv.,* 193 AD2d 1102).