■ Jose L. Centeno, Appellant, v 80 Pine, Inc., et al., Respondents. (And a Third-Party Action.) [741 NYS2d 884] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated January 17, 2001, which denied his motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, an employee of a subcontractor, was engaged in demolition and removal of concrete flooring using a jackhammer when a section of the floor on which he was working collapsed. As a result, the plaintiff was injured when he fell approximately 16 feet to the basement floor below. The plaintiff commenced an action alleging, inter alia, violations of Labor Law § 240 (1) against 80 Pine, Inc., and Rudin Management Co., Inc., owners of the building in which the floors were being removed, Theodore Williams Construction Co., Inc., the general contractor, and Biordi, Inc., a subcontractor. The plaintiff contends that the Supreme Court erred in denying his motion for summary judgment on the issue of liability based upon Labor Law § 240 (1). We disagree.

The plaintiff failed to "make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Although a fall resulting from the collapse of a floor may constitute prima facie evidence of a violation of Labor Law § 240 (1) (*see Robertti v Chang,* 227 AD2d 542; *Richardson v Matarese,* 206 AD2d 353), the plaintiff herein raised questions of fact in his own supporting papers regarding whether sufficient protective devices were provided to him (*see Board of Educ. of City of N.Y. v Mars Assoc.,* 133 AD2d 800, 801). The plaintiff submitted, inter alia, his deposition testimony wherein he emphatically denied that any safety equipment had been provided to him by the defendants. Additionally, he submitted the deposition testimony of an employee of each defendant, indicating that suspended planks, scaffolds, and other safety devices were provided to workers engaged in demolishing the floor. This inconsistent evidence raised material issues of fact precluding a grant of summary judgment (*see Williams v Dover Home Improvement,* 276 AD2d 626; *Ampolini v Long Is. Light. Co.,* 186 AD2d 772). Accordingly, summary judgment on the issue of liability was properly denied.

In light of our determination, we do not reach the parties' remaining contentions. O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.