(September 8, 2003)

■ MOHAMMAD ASLAM et al., Appellants, v MICHAEL WEISS et al., Respondents. (And a Third-Party Action.) [764 NYS2d 210] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated October 25, 2001, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

To prevail on a cause of action under Labor Law § 240 (1), a

plaintiff must show a violation of the statute, and that such violation was a proximate cause of his or her injuries (*see Bland v Manocherian,* 66 NY2d 452 [1985]; *Skalko v Marshall's Inc.,* 229 AD2d 569, 570 [1996]). A plaintiff cannot prevail on a motion for summary judgment under Labor Law § 240 (1) if there is any view of the evidence which would permit a finding that the defendant's violation of that statute was not a proximate cause of the plaintiff's accident (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]; *Mejia v African M.E. Allen Church,* 271 AD2d 583, 584 [2000]).

Where, as here, there is inconsistent deposition testimony as to how the accident occurred, a triable issue of fact regarding the proximate cause of the accident exists, precluding summary judgment (*see Bland v Manocherian, supra; Williams v Dover Home Improvement,* 276 AD2d 626, 627 [2000]). Prudenti, P.J., Smith, McGinity and Cozier, JJ., concur.