■ Prek Makaj et al., Appellants, v Metropolitan Transportation Authority et al., Respondents. [796 NYS2d 621]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated October 20, 2003, which denied their motion for summary judgment on the issue of liability on the cause of action to recover damages for a violation of Labor Law § 240.

Ordered that the order is affirmed, with costs.

On December 21, 2001, the plaintiff Prek Makaj, who was employed as a painter on a bridge restoration project, was injured when he fell from a staircase handrail on which he was standing while attempting to reach a ladder stored on the roof of a building on the job site.

The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law pursuant to Labor Law § 240 (1) by demonstrating that Makaj fell as a result of the absence of safety devices while engaged in a work-related activity involving an elevation-related risk (*see Hagins v State of New York,* 81 NY2d 921, 922 [1993]; *Mariani v New Style Waste Removal Corp.,* 269 AD2d 367 [2000]). Contrary to the defendant's argument, the fact that Makaj was engaged in preparation for the covered activity in which he was involved, rather than in the activity itself, did not defeat the claim under Labor Law § 240 (1) (*see Covey v Iroquois Gas Transmission Sys.,* 89 NY2d 952, 954 [1997]; *Danielewski v Kenyon Realty Co.,* 2 AD3d 666, 667 [2003]; *Cabri v ICOS Corp. of Am.,* 240 AD2d 456, 457 [1997]). In response, however, the defendant raised a triable issue of fact by demonstrating through the deposition testimony of the job-site supervisor that there may have been other ladders available on the work site that would have made it unnecessary to retrieve the ladder from the building roof or would have allowed Makaj to do so safely (*see Montgomery v Federal Express Corp.,* 4 NY3d 805 [2005]). Viewing this evidence in the light most favorable to the nonmoving party, as we must (*see Robinson v Strong Mem. Hosp.,* 98 AD2d 976 [1983]), it was sufficient to raise a triable issue of fact as to the proximate cause of the subject accident, i.e., whether Makaj was provided with suf-

ficient safety devices (*see Centeno v 80 Pine,* 294 AD2d 326, 326 [2002]). Accordingly, the plaintiffs' motion for summary judgment was properly denied (*see Gregorio v J.M. Dennis Constr. Co. Corp.,* 13 AD3d 480 [2004]; *Aslam v Weiss,* 308 AD2d 426 [2003]). H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.