■ Jose A. Guaman, Respondent, v Antonio Ginestri et al., Appellants. [813 NYS2d 490]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated June 3, 2005, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) is denied.

"To prevail on a cause of action under Labor Law § 240 (1), a plaintiff must show a violation of the statute, and that such violation was a proximate cause of his or her injuries" (*Aslam v Weiss*, 308 AD2d 426, 426-427 [2003]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Bland v Manocherian*, 66 NY2d 452 [1985]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law pursuant to Labor Law § 240 (1) by demonstrating that he fell from an elevated forklift platform as a result of the absence of safety devices while engaged in a work-related activity involving an elevation-related risk (*see Makaj v Metropolitan Transp. Auth.*, 18 AD3d 625, 626 [2005]; *Hagins v State of New York*, 81 NY2d 921, 922 [1993]).

The defendant Antonio Ginestri testified at an examination before trial, in substance, that the plaintiff told him only that blocks had fallen on top of him. Contrary to the Supreme Court's determination, under this version of the accident, a violation of Labor Law § 240 (1) was not established as a matter of law (*see generally Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]). Antonio Ginestri also testified that a forklift was never used in the construction of the wall the plaintiff was helping to build. Accordingly, the defendants raised a triable issue of fact as to how the accident occurred and whether the plaintiff was exposed to the requisite elevation-related hazard and whether there was a failure to provide proper protection within the meaning of Labor Law § 240 (1), precluding summary judg-

ment (*see Amaxes v Newmark & Co. Real Estate, Inc.,* 15 AD3d 321, 322 [2005]; *Gregorio v J.M. Dennis Constr. Co. Corp.,* 13 AD3d 480 [2004]; *Cajamarca v Interconex, Inc.,* 8 AD3d 602, 603 [2004]; *McGovern v St. Patrick's Church,* 8 AD3d 538 [2004]; *Castronovo v Doe,* 274 AD2d 442, 443 [2000]). Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.