■ Kok Choy Yeen et al., Respondents, v NWE Corp. et al., Appellants. [830 NYS2d 265]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Kings County (Schneier, J.), dated March 25, 2005, which granted the plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and denied those branches of the defendants' cross motion which were for partial summary judgment dismissing the Labor

Law § 240 (1) cause of action insofar as asserted against each of the defendants, and (2), as limited by their brief, from so much of an order of the same court dated October 28, 2005, as, upon reargument, in effect, adhered to the original determination.

Ordered that the appeal from the order dated March 25, 2005, is dismissed, as that order was superseded by the order dated October 28, 2005, made upon reargument; and it is further,

Ordered that the order dated October 28, 2005, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to so much of the original determination in the order dated March 25, 2005, as granted the plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and denied those branches of the defendants' cross motion which were for partial summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against Vittorio Assaf, sued herein as Vittoria Assaf, and the defendant Fabio Granato, and substituting therefor provisions, upon reargument, vacating those portions of the order dated March 25, 2005, denying the plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and granting those branches of the defendants' cross motion which were for partial summary judgment dismissing the Labor Law § 240 (1) insofar as asserted against Vittorio Assaf, sued herein as Vittoria Assaf, and the defendant Fabio Granato; as so modified, the order dated October 28, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiffs Kok Choy Yeen and Swee Kheong Tang were employees of Tamco Corp. (hereinafter Tamco), a general contractor hired for a renovation project on a building owned by the defendant NWE Corp. (hereinafter NWE). In May 2002, Tamco workers stacked cinder blocks in piles on temporary corrugated metal flooring that had been laid over what was to become the fifth floor of the building. The temporary floor collapsed, as did each floor underneath that floor, as the cinder blocks fell to the ground level. Kok Choy Keen, who was on the fifth floor at the time of the collapse, and Swee Kheong Tang, who was on the third floor, were injured as a result of the collapse.

The plaintiffs Kok Choy Yeen and Swee Kheong Tang (hereinafter the plaintiffs) commenced the instant action against NWE, Fabio Granato, and Vittorio Assaf, sued herein as Vittoria Assaf, asserting violations of Labor Law §§ 200, 240 (1), and § 241 (6), and a common-law negligence cause of action. The plaintiffs

moved for partial summary judgment on the issue of liability with respect to their cause of action alleging a violation of Labor Law § 240 (1). The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the plaintiffs' motion and denied that branch of the defendants' cross motion which was for partial summary judgment dismissing the Labor Law § 240 (1) cause of action. Upon reargument, the Supreme Court adhered to that determination. We modify.

The collapse of the temporary floor constituted a prima facie violation of Labor Law § 240 (1) with respect to both Kok Choy Yeen, who was standing on the temporary floor, and Swee Kheong Tang, who was injured by falling objects and the consequent collapse of the floor underneath him (*see Thompson v St. Charles Condominiums,* 303 AD2d 152 [2003]; *Dos Santos v State of New York,* 300 AD2d 434 [2002]; *Centeno v 80 Pine,* 294 AD2d 326 [2002]; *see also Outar v City of New York,* 5 NY3d 731 [2005]). In opposition to the plaintiffs' prima facie showing of a violation of Labor Law § 240 (1), and in support of that branch of their cross motion which was for partial summary judgment dismissing the Labor Law § 240 (1) cause of action, the defendants submitted the affidavit of a professional engineer, in which he asserted that the alleged violation of Labor Law § 240 (1) was not a proximate cause of the accident because the collapse of the flooring resulted from the stacking of cinder blocks in tall towers in a concentrated area, and that the provision of any other safety measures would not have prevented the collapse. In view of the foregoing, there are issues of fact which precluded the granting of summary judgment to the plaintiffs on the issue of liability on their Labor Law § 240 (1) cause of action and to NWE dismissing the complaint insofar as asserted against it (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 290-291 [2003]; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630 [1996]; *Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441 [1996]; *Bernal v City of New York,* 217 AD2d 568 [1995]; *Zeitner v Herbmax Sharon Assoc.,* 194 AD2d 414 [1993]).

The individual defendants, however, were entitled to partial summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. Although Granato was the principal and president of NWE, corporations have a legal existence separate from that of their officers and shareholders, even when the corporation has a single shareholder who of necessity dominates the corporation (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140, 142

[1993]; *Seuter v Lieberman,* 229 AD2d 386, 387 [1996]). There is no basis in this record to pierce the corporate veil. With respect to Assaf, he had no affiliation with or ownership interest in NWE. He was Granato's partner in the restaurant business, whose involvement with respect to the building construction at issue here was limited to the design of the interior of the proposed restaurant, with the assistance of a separate architect hired by NWE for that purpose.

To the extent that the defendants raise issues with respect to those branches of their cross motion which were for summary judgment dismissing the plaintiffs' remaining causes of action, the Supreme Court failed to determine those branches of the cross motion. As such, they remain pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]), and thus are not properly before us. Spolzino, J.P., Goldstein, Skelos and Covello, JJ., concur.