■ JOHN HUSAK, Respondent, v 45TH AVENUE HOUSING COMPANY, Appellant, et al., Defendants. [862 NYS2d 63]—

In an action to recover damages for personal injuries, the defendant 45th Avenue Housing Company appeals from an order of the Supreme Court, Queens County (Golia, J.), entered March 20, 2007, which granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law on the issue of whether it violated Industrial Code (12 NYCRR) § 12-2.7 as set forth in the second interrogatory and directed that a new trial be held on the issues of proximate cause and damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging, among other things, that the defendant was liable pursuant to Labor Law § 241 (6) by reason of its failure to comply with Industrial Code (12 NYCRR) § 12-2.7, which requires that "[c]rushing, milling, screening, mixing and conveying and related processes creating dangerous air contaminants shall be enclosed and provided with local exhaust ventilation to remove or control the air contaminants at the point of generation." In rendering its verdict, the jury answered two interrogatories. In the first, the jury answered affirmatively that dangerous air contaminants were present at the site. In the second, the jury responded that those contaminants were sufficiently enclosed or ventilated to satisfy the code requirements. As a result, the jury did not reach the remaining issues presented by the plaintiff's Labor Law § 241 (6) claim. The Supreme Court granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law on the issue of whether the defendant violated Industrial Code (12 NYCRR) § 12-2.7 as set forth in the second interrogatory on the ground that the jury's response to that interrogatory was against the weight of the evidence, and awarded the plaintiff judgment as a matter of law on that issue, directing a new trial only with respect to the issues of proximate cause and damages. We affirm.

The trial court's discretionary authority to set aside a jury verdict is properly invoked when the jury could not have reached the verdict on any fair interpretation of the evidence (*see Vaval v NYRAC, Inc.,* 31 AD3d 438 [2006]; *Nicastro v Park,* 113 AD2d 129 [1985]). Here, the Supreme Court providently exercised its discretion in determining, upon review of the trial record, that no fair interpretation of the evidence could have resulted in a verdict that the defendant had not violated Labor Law § 241 (6). Moreover, since the undisputed evidence at trial established that the plaintiff was mixing concrete on the basement floor without any enclosure or local exhaust ventilation system, the Supreme Court properly granted that branch of the plaintiff's motion which was for judgment as a matter of law on the issue of whether the defendant violated Industrial Code (12 NYCRR) § 12-2.7 (*see* CPLR 4404 [a]). Although a determination of liability under Labor Law § 241 (6) requires, in addition to a violation of the Industrial Code, among other things, that the jury consider "whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 351 [1998]; *see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744, 746 [2001]), the defendant waived

any objection to the jury's failure to consider that issue when it did not object to the verdict sheet which was silent as to that element (*see Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]). The Supreme Court, therefore, properly directed a new trial only with respect to the issues of proximate cause and damages. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.