■ Konstanty Rozmyslowicz, Appellant, v Keyspan Generation, LLC, Respondent. [875 NYS2d 500]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Queens County (Agate, J.), dated December 13, 2007, which, inter alia, upon the denial of his motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, and upon a jury verdict in favor of the defendant and against him on the issue of liability and the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, an employee of an asbestos removal company, was assigned to construct a wooden tunnel through which workers would pass on their way to a "mobile decontamination unit." While trying to climb atop the decontamination unit, the plaintiff put his knee on a two-by-four that was part of the ceiling of the tunnel, the two-by-four gave way, and the plaintiff fell and was injured. He brought this action, inter alia, to recover damages based upon a violation of Labor Law § 240 (1). After a trial, the jury concluded that the defendant had not failed to provide the plaintiff with proper protection from height-related risks. The plaintiff appeals, arguing, inter alia, that the court erred in denying his motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, and his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence.

A party seeking judgment as a matter of law pursuant to CPLR 4401 must establish that there is no rational process by which the jury could find in the nonmoving party's favor (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Durkin v Long Is. Power Auth.,* 37 AD3d 400, 401 [2007]). A party asking the court to set aside a verdict as against the weight of the evidence must establish that the jury could not have reached the verdict on any fair interpretation of the evidence (*see Husak v 45th Ave. Hous. Co.,* 52 AD3d 782, 783 [2008]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). Here, the record contains ample evidence from which the jury could have rationally and fairly concluded that the plaintiff's assigned task neither required, nor indeed contemplated, that he climb onto the roof of the decontamination unit (*cf. Mariani v New Style Waste Removal Corp.,* 269 AD2d 367 [2000]) and, further, that the equipment he was provided was adequate to the task he was assigned, to build the tunnel walls and roof (*cf. Curtis v Halmar Corp.,* 250 AD2d 570 [1998]).

The plaintiff's remaining contentions are unpreserved for appellate review (*see* CPLR 5501 [a] [3]) or do not warrant reversal. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.