JOSEPH J. MONDONE, JR., Appellant, v CHRISTOPHER P. LANE et al., Respondents, et al., Defendant. [966 NYS2d 164]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered August 23, 2011, as granted those branches of the motion of the defendants Christopher P. Lane and Jennifer A. Lane which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against those defendants, granted those branches of the cross motion of the defendant Kevin Bevilacqua which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against that defendant, and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against the defendants Christopher P. Lane, Jennifer A. Lane, and Kevin Bevilacqua, and (2) so much of a judgment of the same court entered September 27, 2011, as, upon the order, severed the action against the defendants Christopher P. Lane, Jennifer A. Lane, and Kevin Bevilacqua, and is in favor of those defendants and against the plaintiff, dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against the defendants Christopher P. Lane, Jennifer A. Lane, and Kevin Bevilacqua.

Ordered that the appeal from so much of the order as granted those branches of the motion of the defendants Christopher P. Lane and Jennifer A. Lane which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them, granted those branches of the cross motion of the defendant Kevin Bevilacqua which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging

common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against him, and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against the defendants Christopher P. Lane, Jennifer A. Lane, and Kevin Bevilacqua is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Christopher P. Lane and Jennifer A. Lane.

The appeal from so much of the intermediate order as granted those branches of the motion of the defendants Christopher P. Lane and Jennifer A. Lane which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them, granted those branches of the cross motion of the defendant Kevin Bevilacqua which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against him, and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against the defendants Christopher P. Lane, Jennifer A. Lane, and Kevin Bevilacqua must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment as to those defendants in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

During the course of a renovation project at the home of the defendants Christopher P. Lane and Jennifer A. Lane (hereinafter together the homeowners), a temporary staircase, installed by the defendant Kevin Bevilacqua, allegedly collapsed, causing injuries to the plaintiff. Thereafter, the plaintiff commenced this action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240 (1) against the homeowners, Bevilacqua, and Bevilacqua's corporation, the defendant True Building Corp.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the homeowners' motion which were for summary judgment dismissing the causes of ac-

tion alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them, and properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against the homeowners. The homeowners established, prima facie, that they lacked notice, actual or constructive, of the allegedly dangerous condition that caused the plaintiff's accident (see Rojas v Schwartz, 74 AD3d 1046, 1046-1047 [2010]; Pascarell v Klubenspies, 56 AD3d 742, 743 [2008]). The homeowners also established, prima facie, that they were exempt from liability under Labor Law § 240 (1) as owners of a one-family dwelling since they did not direct or control the work being performed but merely displayed typical homeowner interest in the ongoing construction process (see Tomecek v Westchester Additions & Renovations, Inc., 97 AD3d 737, 738 [2012]; Chowdhury v Rodriguez, 57 AD3d 121, 127-128 [2008]). In opposition to these showings, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of Bevilacqua's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against him, and properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against Bevilacqua. A corporation has a separate existence from that of its officers and shareholders, and the complaint is devoid of any allegations sufficient to pierce the corporate veil of True Building Corp. to reach Bevilacqua in his individual capacity (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140, 142 [1993]; Kok Choy Yeen v NWE Corp., 37 AD3d 547 [2007]). Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32301(U).]**