Calpo-Rivera v Brady (2018 NY Slip Op 05440)





Calpo-Rivera v Brady


2018 NY Slip Op 05440


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-02298
 (Index No. 2861/13)

[*1]Joseph Calpo-Rivera, respondent, 
v
Amanda G. Brady, et al., appellants.


Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Ralph F. Schoene of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (James P. Flanagan, J.), dated January 18, 2016. The order granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, the jury verdict finding that the accident at issue was not a proximate cause of the plaintiff's injuries, and for a new trial.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 4404(a) is denied.
A vehicle driven by the then-50-year-old plaintiff was stopped at the intersection of Route 27 and Fifth Avenue South in Islip on May 30, 2012, when the vehicle was hit in the rear by a vehicle driven by the defendant Amanda G. Brady. At the ensuing damages trial, the plaintiff presented the testimony of an expert clinical neurologist who had performed a full neurological examination on the plaintiff almost two years after the accident. The neurologist concluded that the accident was the cause of injuries to the cervical and lumbar regions of the plaintiff's spine, because the plaintiff was asymptomatic before the accident, and became symptomatic after the accident. The neurologist conceded that MRI films of the cervical and lumbar regions of the plaintiff's spine, taken about three weeks after the accident, showed degenerative changes in the plaintiff's spine, as well as herniated discs in both the cervical and lumbar regions of the spine.
The defendants presented the testimony of a diagnostic radiologist who reviewed the MRI films. The radiologist testified that there was disc dehydration and disc space narrowing, with pronounced degeneration at C3-4 and C5-6, and that these findings were typical for a 50-year-old man. Noting that the discs which were drying out appeared darker on the MRI, and that traumatically injured discs would have appeared brighter, the radiologist concluded that these injuries were caused by degeneration, and not by the accident.
The jury unanimously found that the accident was not a proximate cause of the [*2]plaintiff's injuries. The plaintiff then orally moved pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order dated January 18, 2016, the Supreme Court granted the plaintiff's motion. The defendants appeal, and we reverse.
We disagree with the Supreme Court's determination to set aside the verdict. "The trial court's discretionary authority to set aside a jury verdict is properly invoked when the jury could not have reached the verdict on any fair interpretation of the evidence" (Husak v 45th Ave. Hous. Co., 52 AD3d 782, 783). "Where . . . conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; see Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619).
Here, there was a fair interpretation of the evidence from which the jury could have concluded that the accident was not a proximate cause of the plaintiff's injuries. The jury could have credited the testimony of the defendants' diagnostic radiologist, who concluded that the plaintiff's injuries were caused by age-related degeneration, and not by traumatic injury. The jury was entitled to credit the testimony of the defendants' diagnostic radiologist over that of the plaintiff's clinical neurologist (see Daniels v Simon, 99 AD3d 658, 659; Courbertier v Academy Bus, LLC, 76 AD3d 500, 501).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court