■ CHRISTIAN D. CHARLES, Respondent, v SOLOMON EISENBERG et al., Respondents, and EISENBERG INDUSTRIAL CONTRACTING COMPANY, Defendant and Third-Party Plaintiff-Respondent. ARIS RESTORATION CORP., Third-Party Defendant-Respondent; JACOB SINGER SONS, INC., Third-Party Defendant-Appellant. [673 NYS2d 461] —In an action to recover damages for personal injuries, the third-party defendant Jacob Singer Sons, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 19, 1997, as (1) granted the plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240, and (2) granted the defendant third-party plaintiffs' cross motion for summary judgment against it based upon common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In the latter part of 1991, the plaintiff was injured during the course of his employment when a portion of the roof on which he was working collapsed, causing him to fall through the roof to the floor below. The premises where the accident occurred were owned by Eisenberg Industrial Contracting Company (hereinafter Eisenberg Industrial), of which Donald Signan was a minority partner.

The plaintiff subsequently commenced the instant action against, among others, Eisenberg Industrial to recover damages for negligence and violations of Labor Law §§ 200 and

240. Eisenberg Industrial, in turn, commenced a third-party action against Aris Restoration Corp. (hereinafter Aris), the plaintiff's general employer, and Jacob Singer Sons, Inc. (hereinafter Jacob Singer), for whom the plaintiff was employed at the time of the accident. Following joinder of issue and discovery, Aris moved for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it. Thereafter, the plaintiff cross-moved for summary judgment on the issue of liability against Eisenberg Industrial, and Eisenberg Industrial cross-moved for summary judgment against Jacob Singer.

The Supreme Court, *inter alia,* granted the plaintiff's cross motion for summary judgment and granted Eisenberg Industrial's cross motion for summary judgment. This appeal ensued. We affirm.

Contrary to Jacob Singer's contention, the record indicates that the area where the roof collapsed was part of the construction site. At his deposition, Jerry Singer, vice-president of Jacob Singer, testified that he went to the worksite shortly after he was informed of the plaintiff's accident, and that upon inspecting the area that had given way, he noticed that it was part of the roof requiring replacement. He further testified that he had inspected the collapsed portion of the roof prior to the commencement of the project.

We further note that Labor Law § 240 (1) does not provide an exclusive list of safety devices to be used in construction jobs, and, in fact, requires that owners and contractors furnish any "other devices" so as to give proper protection to employees. Construing Labor Law § 240 (1) as liberally as possible to effectuate its purpose of providing for the health and safety of employees (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Seguin v Massena Aluminum Recovery Co.,* 229 AD2d 839, 840), it is thus no defense that the devices specifically listed in Labor Law § 240 (1) would not have prevented the plaintiff's injuries. Indeed, this argument has been rejected by the Court of Appeals in *Zimmer v Chemung County Performing Arts* (65 NY2d 513, 523-524).

Similarly unavailing is Jacob Singer's contention that the Supreme Court improperly granted Eisenberg Industrial's cross motion for summary judgment based upon common-law indemnification. Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive and, thus, its liability is purely vicarious (*Tambasco v Norton Co.,* 207 AD2d 618). Here, the record contains no evidence that Donald Signan or any other principal

of Eisenberg Industrial maintained any direction or control over the safety aspects of the worksite or the manner in which the plaintiff carried out his tasks (*see, Mackey v Beacon City School Dist.,* 216 AD2d 534, 535; *Grant v Gutchess Timberlands,* 214 AD2d 909; *Richardson v Matarese,* 206 AD2d 354, 355). While Signan met with Jerry Singer and Mel Singer, vice presidents of Jacob Singer, to determine what work needed to be done prior to the award of the contract by Eisenberg Industrial to Jacob Singer, and Signan periodically visited the worksite to observe the progress of the work, Signan's conduct does not constitute the level of supervision or control necessary to defeat Eisenberg Industrial's claim (*see, Grant v Gutchess Timberlands, supra; Richardson v Matarese, supra*). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.