■ SCOTT TAYLOR et al., Appellants, v V.A.W. OF AMERICA, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendants. VANGUARD, INC., et al., Third-Party Defendants-Respondents. [714 NYS2d 321] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (LaCava, J.), dated September 21, 1999, as denied their motion for partial summary judgment against the defendant third-party plaintiff on the issue of liability under Labor Law § 240 (1), and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for partial summary judgment against the third-party defendants on the issue of liability based on common-law indemnification and to dismiss the counterclaims of the third-party defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion and cross motion are granted.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide, or cause to be furnished, certain safety devices for workers on an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 499-500; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521).

The evidence submitted by the plaintiff Scott Taylor established that he was employed by the third-party defendants Vanguard, Inc., and Vanguard Organization, Inc. (hereinafter collectively referred to as Vanguard), to repair a 16- by 20-foot area of the roof on a building owned by the defendant third-party plaintiff V.A.W. of America, Inc. (hereinafter VAW). The

documentary evidence reveals that Vanguard and VAW were aware that other sections of the roof in the area near the subject area might also be "structural[ly] unsound". No safety devices were supplied to Taylor and, as he stepped one to two feet away from the subject area to get an ax for use in completing the removal of a rubber membrane covering that area, he fell through the roof, approximately 25 to 30 feet down, into a concrete silo.

Based on this evidence, Taylor established a prima facie violation of Labor Law § 240 (1) by VAW (*see, Felker v Corning Inc.,* 90 NY2d 219; *Hartley v Spartan Concrete,* 172 AD2d 586). The evidence relied upon by VAW and Vanguard failed to raise a triable issue of fact with respect to liability under that statute.

In the absence of any evidence that VAW either supervised or controlled Taylor's work, the Supreme Court should have granted VAW's cross motion against Vanguard for common-law indemnification and dismissed Vanguard's counterclaims (*see, Felker v Corning Inc., supra,* at 226; *Smith v Xaverian High School,* 270 AD2d 246; *Charles v Eisenberg,* 250 AD2d 801, 802-803). Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.