■ AHMET DYRMYSHI, Respondent, v CLIFTON PLACE DEVELOPMENT GROUP, INC., et al., Defendants, and MONTICELLO CONSTRUCTION CORP., Appellant. (And Third-Party Actions.) [776 NYS2d 811]—In an action to recover damages for personal injuries, the defendant Monticello Construction Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 26, 2003, as granted the plaintiff's motion for summary judgment against it on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and as failed to determine its cross motion to sever the second third-party action pursuant to CPLR 603.

Ordered that the appeal from so much of the order as failed to determine the cross motion is dismissed, as that cross motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1976]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly was injured while performing work on a construction project when the roof upon which he was working gave way and he fell through to the floor below. The defendant Monticello Construction Corp. (hereinafter Monticello) was a general contractor on the project. In opposition to the plaintiff's prima facie demonstration of entitlement to judgment as a matter of law on his Labor Law § 240 cause of action, Monticello failed to raise a triable issue of fact (*see Taylor v V.A.W. of Am.,* 276 AD2d 621 [2000]; *Charles v Eisenberg,* 250 AD2d 801 [1998]; *Seguin v Massena Aluminum Recovery Co.,* 229 AD2d 839 [1996]).

Monticello's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.