■ AHMET DYRMYSHI, Respondent, v CLIFTON PLACE DEVELOPMENT GROUP, INC., et al., Defendants, and CENTURY BUILDING ASSOCIATES, INC., Appellant. (And Third-Party Actions.) [775 NYS2d 908]—In an action to recover damages for personal injuries, the defendant Century Building Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 4, 2003, as granted the plaintiff's motion for summary judgment against it on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and as denied that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while performing work on a construction project when the roof upon which he was working gave way and he fell through to the floor below. The defendant Century Building Associates, Inc. (hereinafter Century), was a general contractor on the project. In opposition to the plaintiff's prima facie demonstration of entitlement to judgment as a matter of law on his Labor Law § 240 cause of action insofar as asserted against it, Century failed to raise a triable issue of fact (*see Taylor v V.A.W. of Am.*, 276 AD2d 621 [2000]; *Charles v Eisenberg*, 250 AD2d 801 [1998]; *Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839 [1996]).

Century's remaining contention is without merit. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.