*706 OPINION OF THE COURT
Karen S. Smith, J.
Plaintiffs motion for summary judgment is denied without prejudice to renew within 30 days after completion of the deposition of a representative from Toto Vujinovic Architects, Artimus Construction, and Bronxdale Maintenance Corp.
In the instant motion, plaintiff seeks partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and requests an order for immediate trial on damages. The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in an admissible form to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once the movant has made such a showing the burden shifts to the party opposing the motion to produce evidence in an admissible form sufficient to establish the existence of any material issues of fact requiring a trial of the action (Zuckerman v City of New York, 49 NY2d 557 [1980]).
In support of its motion, plaintiff submitted (1) the contract between Artimus Construction, the general contractor/agent of 414 Equities, LLC, the owner of the building, and Bronxdale Maintenance Corp., the subcontractor and plaintiffs employer; (2) portions of plaintiffs examination before trial (EBT); (3) an affidavit by plaintiff; (4) an “operative record” apparently completed by Paul Brisson, M.D., the surgeon who operated on plaintiff; and (5) portions of 414’s EBT by Elli Himelstein.
Plaintiff was a demolition worker on a job demolishing an abandoned apartment building, five or six stories tall. According to the plaintiff, he was injured when the floor on which he was working (the second floor) collapsed while he was dragging a piece of demolished wall weighing approximately 50 to 60 pounds across the floor in an effort to discard the wall. As a result of the collapse, plaintiff fell 10 to 12 feet, from the second to the first floor. According to the plaintiffs EBT, at the time of the accident the first floor was being used as an office/storage place where certain things were stored and keys were kept. When he fell, plaintiff landed on several items and hit his head. In his EBT testimony, plaintiff states that there was no hole in the floor and that he never heard any cracking or other indication that the floor might give way. The only safety devices he had were gloves, a mask, and a hard hat, which he was wearing *707 when he fell. As a result of the fall, plaintiff suffered from herniated disks in his cervical spine and underwent anterior cervical fusion surgery.
In support of his motion for summary judgment, plaintiff argues that the second floor was rotten and decayed, and that he was not given any warning or notice about the floor’s condition or given safety devices to protect him. Plaintiff fails, however, to submit any evidence other than his own statement, in support of the proposition that the floor collapsed because it was rotten and decayed.
In opposition to the motion, defendant submits only an attorney’s affidavit and two third-party complaints: one against Bronxdale and another against Toto Vujinovic Architects, the architects who worked on the job and got all the permits for the job, who have yet to answer. 414 did not submit any evidence in opposition but merely points out that there is no evidence in the record that the floor was rotten or decayed. In addition, 414 argues that because there are two new parties, Bronxdale and Vujinovic, summary judgment is premature at this time when additional discovery could yield more evidence regarding the facts leading up to the accident.
In reply, the plaintiff argues that defendant’s (1) failure to investigate for the last three years since the accident, (2) failure to file for a default motion against Bronxdale, and (3) delay in filing a third-party complaint against the architect, undermines defendant’s argument that more discovery is needed before summary judgment is proper. Plaintiff, on the other hand, has recently submitted a motion to amend the complaint to include the contractor, Artimus, which was granted. Artimus was served by service on the Secretary of State on August 31, 2006. Artimus has not yet answered.
Labor Law § 240 (1) provides, in relevant part:
“All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
“[S]ection 240 (1) imposes absolute liability on own *708 ers, contractors and their agents for any breach of the statutory duty which has proximately caused injury . . . The duty imposed is ‘nondelegable and ... an owner is liable for a violation of the section even though the job was performed by an independent contractor over which it exercised no supervision or control.’ ” (John v Baharestani, 281 AD2d 114, 117 [1st Dept 2001] [citations omitted], quoting Gordon v Eastern Ry. Supply, 82 NY2d 555, 559 [1993].)
The hazards contemplated by section 240 (1) are
“those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]).
Plaintiff argues that “[t]he collapse of the floor constituted a prima facie violation of Labor Law § 240 (1)” (John v Baharestani, 281 AD2d 114, 119 [1st Dept 2001], citing Richardson v Matarese, 206 AD2d 353 [2d Dept 1994]), and that 414 has failed to present evidence raising a material issue of fact. While both the courts in John v Baharestani (supra) and Richardson v Matarese (supra) cite this proposition, both cases are factually distinct from the instant case and the cases that the courts in John and Richardson rely upon for the proposition that a collapse of floor constitutes a prima facie violation of Labor Law § 240 (1), Dick v Gates Constr. Corp. (146 AD2d 953 [3d Dept 1989]) and Lagzdins v United Welfare Fund-Sec. Div. Marriott Corp. (77 AD2d 585 [2d Dept 1980]), do not stand for that proposition. In John v Baharestani, the plaintiff fell 30 feet from an unprotected and unguarded opening on the third floor of a building under construction. In Richardson v Matarese, the employees were injured while moving an 800-pound radiator across a plywood floor, which was found to not have been properly supported. In Dick v Gates Constr. Corp. (supra), the employee was injured when he fell from a second story exterior deck which was found not to have been properly secured to the building, nor had the area under the deck been backfilled, nor footings placed. In Lagzdins v United Welfare Fund-Sec. Div. Marriott Corp. (supra), the employee was injured in the construction of the floor when the unfinished floor of trusses collapsed as the *709 employee and his fellow workers were nailing blocks between the trusses to secure them while the workers were putting sheets of plywood down. In all of these cases there was a finding that either there was an unguarded, unprotected opening in the floor through which the injured employee fell, or the floor on which the employee was standing at the time of the collapse was not properly secured or supported.
None of these or any cases cited by the plaintiff stand for the proposition that the mere collapse of a floor which has not yet been demolished and remains attached to the walls, without any other evidence as to its condition prior to the collapse, constitutes a prima facie violation of Labor Law § 240 (1). In Becerra v City of New York (261 AD2d 188, 189 [1st Dept 1999]), cited by plaintiff, the Court granted plaintiff summary judgment on his Labor Law § 240 (1) claim finding that he was injured as a result of a fall from an “unsecured makeshift plywood floor.” In that case, the first three floors of the building had been removed so that there was nothing between the fourth floor on which the employee was standing and the basement. Furthermore, the floor on which the employee was standing was not attached to the walls nor secured. As the Third Department said in D’Egidio v Frontier Ins. Co., “The fact that levels or floors may exist below the work surface does not, by itself, compel the conclusion that the work surface is an elevated one under th[e] statute” (270 AD2d 763, 765 [3d Dept 20003).
What all of these cases appear to require is some evidence that the “defendants have failed to secure an area at a construction site from which a fall could occur, thereby exposing the injured worker to an elevation-related risk” (John v Baharestani, supra at 118). The elevation-related risk, however, has to be apparent, or known or with reasonable effort could have been known to those who are to be held statutorily liable. Plaintiffs statement that the floor collapsed because it was “rotten and decayed,” without more, is insufficient to support his claim of entitlement to summary judgment as a matter of law as he has not been qualified as an expert, there were no pictures attached showing a condition of the floor which would have put persons on notice of the probability of collapse (i.e., that the worker was at risk for a gravity-related injury), nor was there any deposition testimony submitted by any person in charge of the work site or the work (either a representative of the general contractor or the plaintiffs employer) that they had inspected the floor prior to the work being done and observed it *710 to be in a state of imminent collapse or in need of replacement. (Cf., Charles v Eisenberg, 250 AD2d 801 [2d Dept 1998].) Plaintiffs reliance on the cases where summary judgment was granted on a Labor Law § 240 (1) claim as a result of a worker being injured when the roof of a building collapsed is similarly misplaced. (Charles v Eisenberg, supra; Dyrmyshi v Clifton Place Dev. Group, Inc., 7 AD3d 565 [2d Dept 2004].) A fall from a roof presents a clear elevation-related risk to a worker, and even in Charles v Eisenberg, the Court pointed out that the general contractor admitted to having inspected the area of collapse before the accident and found it in need of replacement.
As plaintiff has failed to meet his prima facie burden of proving his entitlement as a matter of law, the court denies plaintiffs motion for summary judgment, without regard to the sufficiency of defendant’s papers in opposition. However, as defendant has taken a long time to bring its third-party complaints against Bronxdale and Vujinovic and plaintiff has only recently attempted to bring in the general contractor, Artimus, the court denies the instant motion without prejudice for plaintiff to resubmit after the depositions of representatives of any or all of these entities.