Sanchez v Congregation of Emanuel of Westchester (2024 NY Slip Op 03446)

Sanchez v Congregation of Emanuel of Westchester

2024 NY Slip Op 03446

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-05316
 (Index No. 68302/19)

[*1]Marco Sanchez, et al., appellants, 
v
Congregation of Emanuel of Westchester, respondent.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellants.
Haworth Barber & Gerstman, LLC, New York, NY (Barry L. Gerstman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lawrence E. Ecker, J.), dated May 31, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
The plaintiff Marco Sanchez (hereinafter the injured plaintiff) was employed by A-1 Roofing on a project to repair and replace parts of a roof that had sustained water leaks on a building owned by the defendant. On September 13, 2019, the injured plaintiff allegedly was injured when a portion of the roof on which he was standing collapsed, and he fell 15 to 18 feet to the cement floor below.
The injured plaintiff and his wife, suing derivatively, commenced this personal injury action, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The plaintiffs moved, among other things, for summary judgment on the issue of liability on that cause of action. In an order dated May 31, 2022, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
"'In order for liability to be imposed under Labor Law § 240(1), there must be a foreseeable risk of injury from an elevation-related hazard . . . as defendants are liable for all normal and foreseeable consequences of their acts'" (Quizhpi v South Queens Boys & Girls Club, Inc., 166 AD3d 683, 684, quoting Carrillo v Circle Manor Apts., 131 AD3d 662, 662 [alterations and internal quotation marks omitted]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562). "Thus, to establish a prima facie case pursuant to Labor Law § 240(1), a plaintiff must demonstrate that the risk of injury from an elevation-related hazard was foreseeable, and that an absent or defective protective device of the type enumerated in the statute was a proximate cause of the injuries alleged" (Shipkoski [*2]v Watch Case Factory Assoc., 292 AD2d 587, 588).
Here, the plaintiffs demonstrated, prima facie, that the need for safety devices to protect the injured plaintiff from an elevation-related hazard was foreseeable, as the injured plaintiff was replacing wood decking on a pitched, elevated roof that had sustained water leaks, and that his injuries were proximately caused by the lack of adequate safety devices (see Quizhpi v South Queens Boys & Girls Club, Inc., 166 AD3d at 684; Taylor v V.A.W. of Am., 276 AD2d 621, 622). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court