■ GEORGE CAVANAGH et al., Respondents, v MEGA CONTRACT-ING, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, and STRATFORD LIMITED PARTNERSHIP, Defendant and Third-Party Plaintiff. BAY RIDGE MECHANICAL CORP., Third-Party Defendant-Appellant. (And Other Titles.) [824 NYS2d 157]—

In an action to recover damages for personal injuries, (1) the defendant second third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 12, 2005, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against it and denied that branch of its cross motion which was for summary judgment dismissing the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against it, and (2) the third-party and second third-party defendant appeals from so much of the same order as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendant second third-party plaintiff, the defendant Project Return Foundation, Inc., and the defendant third-party plaintiff, and denied those branches of the cross motion of the defendant second third-party plaintiff and the separate cross motion of the defendant third-party plaintiff and the defendant Project Return Foundation, Inc., which were for summary judgment dismissing the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the appeal by the third-party and second third-party defendant from so much of the order as granted that branch of the motion which was for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendant Project Return Foundation, Inc., is dismissed, as it is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the appellants.

To establish their prima facie entitlement to summary judgment on the issue of liability pursuant to the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendant second third-party plaintiff, Mega Contracting, Inc., and the defendant third-party plaintiff, Stratford Limited Partnership (hereinafter collectively the defendants), the plaintiffs submitted evidence establishing that the injured plaintiff fell from the first floor to the basement of a building undergoing renovation, after a portion of the first floor subfloor collapsed, and that the first floor subfloor was not properly braced and no safety devices were provided to help prevent or break his fall (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]; *Segarra v All Boroughs Demolition & Removal*, 284 AD2d 321, 322 [2001]; *Robertti v Powers Chang*, 227 AD2d 542, 543 [1996]; *Richardson v Matarese*, 206 AD2d 353, 353-354 [1994]; *Birbilis v Rapp*, 205 AD2d 569, 570 [1994]). In opposition, no triable issue of fact was raised (*see Gardner v New York City Tr. Auth.*, 282 AD2d 430, 431 [2001]). Accordingly, the Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendants.

The appeal by the third-party and second third-party defendant, Bay Ridge Mechanical Corp. (hereinafter Bay Ridge), from so much of the order as granted that branch of the motion which was for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendant Project Return Foundation, Inc. (hereinafter Project Return), is dismissed. There is no third-party claim asserted by Project Return against Bay Ridge (CPLR 1008, 5511; *cf., Cabri v ICOS Corp. of Am.*, 240 AD2d 456, 457 [1997]). Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.