■ LUIS BALLADARES, Respondent, v SOUTHGATE OWNERS CORP. et al., Defendants and Second Third-Party Plaintiffs-Respondents-Appellants, and WAYNE BELLET CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. ADMIRAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [835 NYS2d 693]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Wayne Bellet Construction Co., Inc., appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated July 7, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on the third-party complaint, and granted the plaintiff's cross motion for leave to amend his bill of particulars, and the defendants second third-party plaintiffs, Southgate Owners Corp. and Amland Management Corp., cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, for summary judgment on their cross claims for common-law and contractual indemnification against the defendant third-party plaintiff, Wayne Bellet Construction Co., Inc., and for summary judgment on the second third-party complaint.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of Wayne Bellet Construction Co., Inc., and the motion of Southgate Owners Corp. and Amland Management Corp., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), based upon an alleged violation of 12 NYCRR 23-1.5, 23-1.6, 23-1.7 (b) (1); 23-3.2 (a) (3); (b); 23-4.1 and 23-6.1, and substituting therefor provisions granting those branches of the motions, (2) by deleting the provision thereof denying that branch of the motion of Southgate Owners Corp. and Amland Management Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of

Southgate Owners Corp. and Amland Management Corp. which was for summary judgment on their cross claim against Wayne Bellet Construction Co., Inc., for common-law indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured when, while he was preparing to take down a brick wall using a jackhammer, the basement floor that he was standing on collapsed, causing him to fall into a hole. The plaintiff was an employee of the third-party defendant, Super-Touch Restoration Corp. (hereinafter Super-Touch). The defendant second third-party plaintiff Southgate Owners Corp. (hereinafter Southgate) owned the building, which was managed by the defendant second third-party plaintiff Amland Management Corp. (hereinafter Amland). Pursuant to a contract with Southgate, the defendant third-party plaintiff, Wayne Bellet Construction Co., Inc. (hereinafter Bellet), was the general contractor with respect to a project involving the demolition and reconstruction of a portion of a concrete slab located in the cellar of the building and the demolition of certain walls. Super-Touch was hired by Bellet as a subcontractor on the project.

Liability pursuant to Labor Law § 240 (1) "is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). "Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]).

Southgate, Amland, and Bellet (hereinafter collectively the defendants) demonstrated their entitlement to judgment as a matter of law dismissing the plaintiff's cause of action pursuant to Labor Law § 240 (1) by establishing that the collapse of the basement floor was not a risk that gave rise to the need for the enumerated safety devices, but was, rather, a separate, unrelated hazard (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]). Although injury resulting from the collapse of a floor may give rise to liability under Labor Law § 240 (1) where the circumstances are such that there is a foreseeable need for safety devices (*see Centeno v 80 Pine*, 294 AD2d 326 [2002]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587 [2002]; *Taylor v V.A.W. of Am.*, 276 AD2d 621, 622 [2000]; *Richardson v Matarese*, 206 AD2d 353 [1994]), the plaintiff failed, in opposi-

tion, to raise a triable issue of fact in this regard. Thus, the Supreme Court should have granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

The Supreme Court also should have granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), based upon an alleged violation of 12 NYCRR 23-1.5, 23-1.6, 23-1.7 (b) (1), 23-3.2 (a) (3), (b), 23-4.1, and 23-6.1. Those regulations are not applicable to the facts of this case (*see Pino v Robert Martin Co.*, 22 AD3d 549 [2005]; *Cun-En Lin v Holy Family Monuments*, 18 AD3d 800 [2005]; *Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660 [2005]; *Ruland v Long Is. Power Auth.*, 5 AD3d 580 [2004]; *Lawyer v Rotterdam Ventures*, 204 AD2d 878 [1994]).

However, the Supreme Court correctly denied those branches of the defendants' motions which were for summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-3.3 (c). Contrary to the defendants' assertions, this subdivision applies to the demolition work being performed by the plaintiff (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619 [2003]). Moreover, "[t]he thrust of this subdivision is to fashion a safeguard, in the form of 'continuing inspections', against hazards which are created by the progress of the demolition work itself" (*Salinas v Barney Skanska Constr. Co., supra* at 622, quoting *Monroe v City of New York*, 67 AD2d 89, 100 [1979]). The defendants failed to make a prima facie showing that the required inspections were performed, and therefore they failed to demonstrate their entitlement to judgment as a matter of law with respect to this cause of action, as is required for the motion to be granted (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The Supreme Court should have granted that branch of the motion of Southgate and Amland which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. Southgate and Amland demonstrated their prima facie entitlement to summary judgment dismissing the cause of action to recover damages for violations of Labor Law § 200 and common-law negligence by demonstrating that they did not exercise supervisory control over the plaintiff's work, and that they neither created nor had actual or constructive knowledge of any allegedly dangerous condition (*see Hatfield v Bridgedale, LLC*, 28 AD3d 608 [2006]; *Brown v Brause Plaza, LLC*, 19 AD3d

626 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, the Supreme Court should have granted that branch of the motion of Southgate and Amland which was for summary judgment on their cross claim against Bellet for common-law indemnification. Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious (*see Taeschner v M & M Restorations*, 295 AD2d 598 [2002]; *Tranchina v Sisters of Charity Health Care Sys. Nursing Home*, 294 AD2d 491 [2002]; *Tapia v 126 First Ave.*, 282 AD2d 220 [2001]; *Charles v Eisenberg*, 250 AD2d 801 [1998]). Where, as here, an issue of fact remains only as to the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-3.3 (c), and any liability on the part of Southgate or Amland would therefore be purely vicarious, the Supreme Court erred in denying this branch of Southgate and Amland's motion.

The Supreme Court properly denied that branch of the motion of Southgate and Amland which was for summary judgment on their cross claim against Bellet for contractual indemnification. Although an indemnification clause that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such a clause does not violate the General Obligations Law if the provision authorizes indemnification "to the fullest extent permitted by law" as it does here (*see Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]; *Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408 [2006]). Therefore, as an initial matter, the indemnification clause was not void. Further, even if an indemnification clause purports to indemnify a party for its own negligence, such a clause may be enforced where the party to be indemnified is found to be free of any negligence (*see Cabrera v Board of Educ. of City of N.Y., supra* at 641; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 23 AD3d 508 [2005]), and its liability is merely imputed or vicarious (*see Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918 [2000]). Consistent with this, the parties' agreement provided that Bellet was to indemnify Southgate and Amland "from and against claims, damages, losses and expenses . . . only to the extent caused by the negligent acts or omissions of" Bellet. Since an issue of fact exists as to whether Bellet was negligent, this branch of the motion by Southgate and Amland seeking summary judgment on their contractual indemnification cross claim was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Similarly, the Supreme Court properly denied that branch of

Bellet's motion which was for summary judgment on the third-party complaint based on claims for contractual and common-law indemnification. Since Bellet failed to demonstrate the absence of negligence on its part, Bellet failed to establish its prima facie entitlement to judgment as a matter of law (*id.*; *see Daquaro v Modern Cont. Constr. Co., Inc.*, 8 AD3d 324 [2004]; *Patterson v New York City Tr. Auth.*, 5 AD3d 454 [2004]; *Stevenson v Alfredo*, 277 AD2d 218 [2000]).

The defendants' remaining contentions are without merit. Rivera, J.P., Spolzino, Ritter and Goldstein, JJ., concur.