■ Lawrence Becker, Appellant, v ADN Design Corp. et al., Respondents, et al., Defendant. [858 NYS2d 745]—

Motion by the respondent Noel Manufacturing Co., Inc., for leave to reargue an appeal from an order of the Supreme Court, Nassau County, dated August 18, 2006, which was determined by decision and order of this Court dated November 20, 2007 (*see Becker v ADN Design Corp.*, 45 AD3d 711 [2007]).

Upon the papers filed in support of the motion and the papers filed in opposition and relation thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated November 20, 2007 is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 18, 2006, as granted that branch of the motion of the defendant Noel Manufacturing Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted those branches of the separate motion of the defendants ADN Design Corp., Closets by Design, and Stuart Reisch which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Noel Manufacturing Co., Inc., and the separate motion of the defendants ADN Design Corp., Closets by Design, and Stuart Reisch which were for summary judgment dismissing the plaintiff's cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against them, and so much of the plaintiff's Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (b) (1), and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by

the defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Nassau County, to determine that branch of the motion of the defendant Noel Manufacturing Co., Inc., which was for summary judgment on its cross claims for contractual and common-law indemnification.

The defendants ADN Design Corp., Closets by Design, and Stuart Reisch (hereinafter collectively ADN) hired the plaintiff to rewire their telephone system. ADN leased space in a building owned by the defendant Noel Manufacturing Co., Inc. (hereinafter Noel), an out-of-possession landlord. According to the plaintiff, he was running wires in an attic crawl space, as directed by ADN, when he fell through a sheet rock ceiling in the office area below while trying to traverse a gap in a plywood path laid across the ceiling joists. The plaintiff described the gap as requiring a "good leap" to cross, and the plywood path as being obstructed by a discarded metal door, a rug, and "some sort of wood structure." According to ADN, the plaintiff was instructed to run the wires on the outside of the office walls and not to enter the attic crawl space. The plaintiff commenced this action to recover damages for personal injuries allegedly arising from, inter alia, violations of Labor Law §§ 200, 240, and 241, and common-law negligence. The Supreme Court granted Noel summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted ADN summary judgment dismissing the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it. The court held, inter alia, that the plaintiff's injuries did not arise from an elevation-related risk within the purview of Labor Law § 240 (1), and did not occur in an area where construction, excavation, or demolition work was being performed as required by Labor Law § 241 (6). Given its determination, the court did not reach that branch of Noel's motion which was for summary judgment on its cross claims for contractual and common-law indemnification as against ADN. We modify.

We disagree with the Supreme Court's conclusion that the plaintiff's work did not involve an elevation-related risk within the purview of Labor Law § 240 (1) (*see Cavanagh v Mega Contr., Inc.*, 34 AD3d 411 [2006]; *Traver v Valente Homes, Inc.*, 20 AD3d 856 [2005]; *Nelson v Ciba-Geigy*, 268 AD2d 570 [2000]; *Richardson v Matarese*, 206 AD2d 353 [1994]). Thus, the plaintiff's Labor Law § 240 (1) cause of action should not have been dismissed on that ground. Noel's contention that the plaintiff was engaged in mere routine maintenance is not properly before this Court because it is raised for the first time

on appeal. In any event, the argument lacks merit. The plaintiff's work is properly characterized as "altering" within the meaning of Labor Law § 240 (1) (*see Joblon v Solow*, 91 NY2d 457, 465-466 [1998]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]). However, we decline the plaintiff's invitation to search the record and grant him summary judgment on his Labor Law § 240 (1) cause of action. There are issues of fact, inter alia, as to whether the plaintiff's own conduct was the sole proximate cause of his injuries and whether the plywood provided satisfied the requirements of Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

Further, contrary to the Supreme Court's determination, the plaintiff's rewiring of ADN's telephone system constituted an "altering" of the premises, which falls within the ambit of "construction" work under Labor Law § 241 (6) (*see Joblon v Solow*, 91 NY2d at 466; 12 NYCRR 23-1.4 [b] [13]). Thus, the plaintiff's Labor Law § 241 (6) cause of action should not have been dismissed on that ground. Further, we find issues of fact as to whether there was a violation of 12 NYCRR 23-1.7 (b) (1) (*see Bonse v Katrine Apt. Assoc.*, 28 AD3d 990 [2006]; *cf. Alvia v Teman Elec. Contr.*, 287 AD2d at 422-423). However, the remaining Industrial Code sections cited by the plaintiff are inapplicable to the facts presented. Thus, to the extent that the plaintiff's Labor Law § 241 (6) cause of action is predicated upon an alleged violation of 12 NYCRR 23-1.7 (b) (1), it should not have been dismissed.

In light of our determination, the matter is remitted to the Supreme Court, Nassau County, for a determination of that branch of Noel's motion which was for summary judgment on its cross claims as against ADN for contractual and common-law indemnification.

The parties' remaining contentions are without merit. Ritter, J.P., Santucci, Miller and Balkin, JJ., concur.