■■ MARK MARTINS, Appellant-Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents-Appellants. [919 NYS2d 196]—

The plaintiff, a demolition laborer, was injured while removing debris from the third floor of a building undergoing demolition. As the plaintiff was performing his work, his coworker struck a wall with the lift he was operating, part of the wall fell to the floor, the floor collapsed, and the plaintiff fell 10 to 12 feet to the second floor below. The plaintiff subsequently commenced this action against the defendants alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6).

The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged violations of Labor Law § 240 (1), and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged violations of Labor Law § 241 (6).

Although the collapse of a permanent floor may give rise to liability under Labor Law § 240 (1) where "circumstances are such that there is a foreseeable need for safety devices" (*Balladares v Southgate Owners Corp.*, 40 AD3d 667, 669 [2007]), the plaintiff failed to demonstrate that the collapse of the floor and, accordingly, the need for safety devices, were foreseeable. Consequently, the plaintiff did not meet his prima facie burden of demonstrating his entitlement to judgment as a matter of law, and the Supreme Court properly denied that branch of his motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged violations of Labor Law § 240 (1) (*see Jones v 414 Equities LLC*, 57 AD3d 65, 80 [2008]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587, 589 [2002]; *cf. Balladares v Southgate Owners Corp.*, 40 AD3d 667 [2007]; *compare Cavanagh v Mega Contr., Inc.*, 34 AD3d 411, 412 [2006]).

As to that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged violations of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-3.3 (c), the plaintiff did not offer any evidence showing that the defendants failed to perform inspections as required by that Industrial Code provision, or that the floor was structurally unstable, requiring shoring (*see generally McCormack v Universal Carpet & Upholstery Cleaners*, 29 AD3d 542 [2006]). Therefore, the plaintiff also failed to establish his prima facie entitlement to judgment as a matter of law on those portions of the complaint, and the Supreme Court should have denied that branch of his motion, regardless of the sufficiency of the opposing papers (*see*

*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.