■ DANIEL SCHICK et al., Appellants, v 200 BLYDENBURGH, LLC, et al., Respondents. [930 NYS2d 604]—

The defendant Pal Supply Corp. (hereinafter Pal Supply) entered into a lease for the subject premises with the defendant 200 Blydenburgh, LLC (hereinafter 200 Blydenburgh), on March 1, 2007, to be effective as of that date. The subject premises consist of a warehouse and a small office space.

On March 9, 2007, the date of the subject accident, Pal Supply had not yet moved into the premises. That morning, the injured plaintiff (hereinafter the plaintiff), a field technician for Verizon, was assigned to provide telephone service for Pal Supply at the warehouse. According to the plaintiff's deposition

testimony, upon arrival at the warehouse, he discovered that the installation of three telephone lines would involve connecting the terminal located at the telephone pole on the road to an existing underground wire leading to a serving terminal located inside the rear of the warehouse. The plaintiff testified that he thought he would then install the Network Interface Device (hereinafter the NID), which would house the three telephone lines, a few feet from this serving terminal. However, according to the plaintiff, a Pal Supply employee told him to run a wire from the serving terminal along the ceiling to an area above the office doorway, and to install the NID over the doorway.

The plaintiff further testified at his deposition that he installed the cross connection wire from the telephone pole terminal to the underground wire, tested the dial tone at the serving terminal, and attached the wire from the serving terminal along the wall leading from the serving terminal up to the ceiling. The plaintiff attached the wire to existing structural trusses using plastic zip ties, slicing off the tails of the ties with a diagonal cutter. As the plaintiff was attaching the wire to the trusses that were near the ceiling, which were approximately 20 feet high, he felt the ladder on which he was standing shift up and down, the bottom of the ladder slid out, and the plaintiff fell to the floor. The plaintiff alleged that the ladder slipped or shifted due to sand, dirt, or dust on the floor.

The plaintiff and his wife, suing derivatively, then commenced this action to recover damages for personal injuries. Pal Supply moved, and 200 Blydenburgh cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action. The Supreme Court granted the defendants' respective motion and cross motion, and denied the plaintiffs' cross motion. We modify.

"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]). "Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a landowner may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*Rojas v*

*Schwartz*, 74 AD3d at 1047, quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). To provide constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Negri v Stop & Shop*, 65 NY2d 625 [1985]; *Robinson v Lupo*, 261 AD2d 525 [1999]).

In moving for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, Pal Supply had the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of the condition (*see Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673 [2007]; *Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]). Here, Pal Supply failed to make a prima facie showing, as a matter of law, that it did not create the allegedly dangerous condition, and that it lacked actual or constructive notice of the condition (*see Gordon v American Museum of Natural History*, 67 NY2d at 837; *Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651, 653 [2008]; *Thompson v Pizza Hut of Am.*, 262 AD2d 302, 302-303 [1999]). Therefore, the Supreme Court erred in granting those branches of Pal Supply's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.

The defendants failed to show, prima facie, that they were entitled to judgment as a matter of law dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against each of them. Labor Law § 240 (1) provides protection from elevation-related risks for workers engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]). " '[A]ltering' within the meaning of Labor Law § 240 (1) requires making a significant physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998] [emphasis omitted]). The plaintiff's work constituted a significant physical change and, therefore, falls under the enumerated activity of "altering" within the meaning of Labor Law § 240 (1) (*see Scotti v Federation Dev. Corp.*, 289 AD2d 322 [2001]; *Bedassee v 3500 Snyder Ave. Owners Corp.*, 266 AD2d 250, 250-251 [1999]; *Zgoba v Easy Shopping Corp.*, 246 AD2d 539, 540 [1998]; *Walsh v Applied Digital Data Sys.*, 190 AD2d 731 [1993]; *see also Di Giulio v Migliore*, 258 AD2d 903 [1999]; *cf. LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 971 [2009]; *Becker v ADN Design Corp.*, 51 AD3d 834, 836-837

[2008]; *Rhodes-Evans v 111 Chelsea LLC*, 44 AD3d 430 [2007]; *Enge v Ontario County Airport Mgt. Co, LLC*, 26 AD3d 896, 898 [2006]; *Acosta v Banco Popular*, 308 AD2d 48, 49 [2003]; *Luthi v Long Is. Resource Corp.*, 251 AD2d 554, 556 [1998]; *Cosentino v Long Is. R.R.*, 201 AD2d 528 [1994]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 870-871 [2000]). The plaintiff's work also constituted construction work under Labor Law § 241 (6) (*see* 12 NYCRR 23-1.4 [b] [13]; *Becker v ADN Design Corp.*, 51 AD3d at 837; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870 [2000]; *Chavious v Friends Academy*, 213 AD2d 509 [1995]). Therefore, the Supreme Court erred in granting the motion of Pal Supply and those branches of the cross motion of 200 Blydenburgh which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action on the ground that the plaintiff's work did not fall under an enumerated activity within the meaning of section 240 (1) of the Labor Law and did not constitute construction work within the meaning of section 241 (6) of the Labor Law.

The Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, as issues of fact exist regarding the height at which the plaintiff was working, the condition of the floor, the condition of the rubber feet of the extension ladder, and whether the plaintiff's positioning of the ladder was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]; *Delahaye v Saint Anns School*, 40 AD3d 679, 682 [2007]). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.