■ EDGARDO CARRILLO et al., Appellants, v CIRCLE MANOR APARTMENTS, Respondent. (And a Third-Party Action.) [15 NYS3d 463]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated May 20, 2013, which denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Edgardo Carrillo (hereinafter the injured plaintiff), an employee of the third-party defendant Comprehensive Construction Contractor, Inc., allegedly was injured when his right foot went through a "rotted" portion of plywood subflooring while performing repair and replacement work in the basement of a two-family rental property owned by the defendant. The plywood subflooring was exposed when the injured plaintiff and his coworkers removed the carpeting that covered the basement floor. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, etc., alleging violations of Labor Law §§ 240 (1), 241 (6) and 200, and common-law negligence.

In order for liability to be imposed under Labor Law § 240 (1), there must be "a foreseeable risk of injury from an elevation-related hazard . . . as '[d]efendants are liable for all normal and foreseeable consequences of their acts' " (*Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587, 588 [2002], quoting *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]). Thus, the collapse or partial collapse of a permanent floor may give rise to liability under Labor Law § 240 (1) where " 'circumstances are such that there is a foreseeable need for safety devices' " (*Martins v Board of Educ. of City of N.Y.*, 82 AD3d 1062, 1063 [2011], quoting *Balladares v Southgate Owners Corp.*, 40 AD3d 667, 669 [2007]). Here, however, the plaintiffs failed to demonstrate that the partial collapse of a small section of the basement subfloor and, in turn, the need for safety devices to protect the injured plaintiff from an elevation-related hazard, were foreseeable. Consequently, since the plaintiffs did not meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion which was for sum-

mary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1) (*see Martins v Board of Educ. of City of N.Y.*, 82 AD3d at 1062; *Jones v 414 Equities LLC*, 57 AD3d 65, 80 [2008]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d at 589; *cf. Balladares v Southgate Owners Corp.*, 40 AD3d 667 [2007]; *cf. Cavanagh v Mega Contr., Inc.*, 34 AD3d 411, 412 [2006]).

The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) by demonstrating that the partial collapse of the basement subfloor was, in fact, not foreseeable, and that the injured plaintiff's work thus did not expose him to a foreseeable risk of injury from an elevation-related hazard for which the use of safety devices would be required (*see Martins v Board of Educ. of City of N.Y.*, 82 AD3d at 1063). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1).

The Supreme Court erred in granting that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) on the ground that the injured plaintiff's work was not covered under that provision (*see* 12 NYCRR 23-1.4 [b] [13]; *Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Becker v ADN Design Corp.*, 51 AD3d 834 [2008]). Nevertheless, the defendant established its prima facie entitlement to judgment as a matter of law dismissing that cause of action. The defendant demonstrated, prima facie, that the provisions of 12 NYCRR 23-1.6, 23-1.7 (b) (1); 23-1.8, 23-1.16, 23-2.1, 23-2.4 and 23-3.3 are inapplicable to the facts of this case (*see Gasques v State of New York*, 15 NY3d 869, 870 [2010]; *Ramirez v Metropolitan Transp. Auth.*, 106 AD3d 799, 801 [2013]; *Clavijo v Universal Baptist Church*, 76 AD3d 990, 991 [2010]), or were merely general safety standards (*see* 12 NYCRR 23-1.5; *Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 937 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) was properly granted.

Where, as here, a plaintiff's alleged injury arose not from the manner in which the work was performed, but from an allegedly dangerous condition on the premises, a property owner moving for summary judgment dismissing causes of action al-

leging common-law negligence and a violation of Labor Law § 200 has the initial burden of showing only that it neither created the dangerous condition nor had actual or constructive notice of it (*see Ortega v Puccia*, 57 AD3d 54, 60 [2008]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d 975, 977 [2013]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]; *see Lal v Ching Po Ng*, 33 AD3d 668 [2006]). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not have actual or constructive notice of the defect in the subfloor, which was latent and not discoverable upon a reasonable inspection. The defendant further demonstrated that it did not create the defect. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violation of Labor Law § 200 and common-law negligence. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.