■ ANTHONY BARRETT, Plaintiff, v MAGNETIC CONSTRUCTION GROUP CORP., Defendant/Third-Party Plaintiff-Appellant-Respondent, and NOMAD HOTELS, LLC, et al., Defendants-Appellants-Respondents, et al., Defendant. MJE, INC., Doing Business as MJE CONTRACTING, INC., Third-Party Defendant-Respondent-Appellant. [53 NYS3d 350]—

Appeal and cross appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated April 30, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendant/third-party plaintiff and the defendants Nomad Hotels, LLC, GFI 1170 Broadway, LLC, GFI Capital Resources Group, Inc., and GFI Hotel Company, LLC, which was for summary judgment on the third-party cause of action for contractual indemnification and, insofar as cross-appealed from, denied the third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Ordered that the appeal by the defendants GFI Development

Company, LLC, 1170 Broadway Associates, LLC, and the Haddad Organization, Ltd., is dismissed, as those defendants are not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed on the appeal by the defendant third-party plaintiff and the defendants Nomad Hotels, LLC, GFI 1170 Broadway, LLC, GFI Capital Resources Group, Inc., and GFI Hotel Company, LLC, and on the cross appeal, without costs or disbursements.

The appeal by the defendants GFI Development Company, LLC, 1170 Broadway Associates, LLC, and the Haddad Organization, Ltd., must be dismissed, as those defendants did not join in the motion denied by the order appealed from and, thus, they are not aggrieved by the order (see CPLR 5511).

The defendant/third-party plaintiff Magnetic Construction Group Corp. (hereinafter Magnetic), a general contractor on a renovation project, hired the third-party defendant MJE, Inc., doing business as MJE Contracting, Inc. (hereinafter MJE), to perform demolition work on the project. On February 4, 2011, the plaintiff, an employee of MJE, allegedly was injured in the course of that work. The plaintiff commenced the instant action to recover damages for personal injuries against Magnetic, among others, and Magnetic commenced a third-party action against MJE seeking contractual indemnification and contractual attorneys' fees, and alleging breach of contract.

Magnetic, and the defendants Nomad Hotels, LLC, GFI 1170 Broadway, LLC, GFI Capital Resources Group, Inc., and GFI Hotel Company, LLC (hereinafter collectively the defendants), moved, inter alia, for summary judgment on the third-party cause of action for contractual indemnification. MJE cross-moved for summary judgment dismissing the third-party complaint on the ground that it had not entered into a written contract with Magnetic that was in effect on the date of the accident. The Supreme Court denied that branch of the motion of Magnetic and the defendants which was for summary judgment on the third-party cause of action for contractual indemnification, and denied MJE's cross motion for summary judgment dismissing the third-party complaint.

In the order appealed and cross-appealed from, the Supreme Court correctly noted that the defendants were not parties to the third-party action and had not asserted any claims for relief against MJE. Thus, the defendants were not entitled to any relief with respect to the third-party action, and their request, expressed in their appellate brief, for leave to amend the third-party complaint to add themselves as third-party plaintiffs is improperly made to this Court in the first instance, rather than the Supreme Court.

Magnetic failed to demonstrate its prima facie entitlement to judgment as a matter of law on the third-party cause of action for contractual indemnification. Workers' Compensation Law § 11 permits third-party claims against an injured worker's employer only under limited circumstances, including, as relevant here, where the third-party claim is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (Workers' Compensation Law § 11; *see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 365 [2005]).

In support of its motion, Magnetic relied upon a copy of a subcontract agreement that was signed by Magnetic and MJE on March 25, 2011, after the date of the accident, and a copy of a similar, but not identical subcontract agreement that is unsigned. An unsigned contract may be enforceable, including for purposes of Workers' Compensation Law § 11, "provided there is objective evidence establishing that the parties intended to be bound" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 369-370). Here, however, the evidence submitted by Magnetic failed to eliminate questions of fact as to whether the parties intended to be bound on the date of the accident by the unsigned subcontract agreement.

While Article 9 of the unsigned subcontract agreement contains a hold harmless provision, the copy of the signed subcontract agreement that appears in the record is missing Article 9, and does not contain any other indemnification clause. Moreover, Magnetic failed to eliminate questions of fact as to whether the parties intended the signed subcontract agreement to apply retroactively to the date of the plaintiff's alleged accident (*see McGovern v Gleason Bldrs., Inc.*, 41 AD3d 1295 [2007]; *cf. Stabile v Viener*, 291 AD2d 395 [2002]).

Accordingly, the Supreme Court properly determined that Magnetic was not entitled to summary judgment on its third-party claim for contractual indemnification.

MJE established its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint on the ground that no written contract was in effect between it and Magnetic at the time of the plaintiff's accident. In this respect, MJE submitted an affidavit from its representative, Jorge Meija, averring, among other things, that MJE never received a copy of a subcontract agreement from Magnetic until after the plaintiff's accident, and that in its prior course of dealing with Magnetic on other projects, it had never entered into a written contract with that entity (*see DiNovo v Bat Con, Inc.*,

117 AD3d 1130, 1131-1132 [2014]). In opposition, however, Magnetic raised an issue of fact as to whether a written contract containing an indemnification provision was in effect on the date of the plaintiff's accident. Accordingly, the Supreme Court properly denied MJE's cross motion. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.