Wright v Pennings (2024 NY Slip Op 06233)

Wright v Pennings

2024 NY Slip Op 06233

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-02273
 (Index No. 12092/18)

[*1]Brian P. Wright, appellant, 
v
John Pennings, Jr., etc., respondent.

Dupee & Monroe, P.C., Goshen, NY (Jon C. Dupee, Jr., of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated March 16, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted, and the defendant's motion for summary judgment dismissing the amended complaint is denied.
In September 2017, the plaintiff allegedly sustained personal injuries when he was struck by an unsecured 20-foot extension ladder that fell when his coworker was installing wiring in a barn operated by the defendant. The plaintiff's coworker placed the bottom of the ladder on a rubber mat that allegedly was covered in cow manure and hay, and began climbing the ladder, which resulted in the ladder falling and ultimately striking the plaintiff on the head. At the time of the accident, the plaintiff was performing electrical work at the ground level approximately 15 to 20 feet away from his coworker.
The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and the defendant moved for summary judgment dismissing the amended complaint. In an order dated March 16, 2021, the Supreme Court denied the plaintiff's motion and granted the defendant's motion. The plaintiff appeals.
The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and in granting that branch of the defendant's motion which was for summary judgment dismissing that cause of action. "Labor Law § 240(1) imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices [*2]to workers who are subject to elevation-related risks" (Aguilar v Graham Terrace, LLC, 186 AD3d 1298, 1300 [internal quotation marks omitted]; see Ortega v Panther Siding & Windows, Inc., 204 AD3d 937, 938). To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate both that the statute was violated and that the violation was a proximate cause of his or her injuries (see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293; Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius, 192 AD3d 883, 885). "Specifically, with respect to accidents involving ladders, liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder[ ] was a substantial factor in causing the plaintiff's injuries" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786 [internal quotation marks omitted]).
Here, the plaintiff demonstrated, prima facie, that he was entitled to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action by submitting evidence showing that his coworker stepped on an unsecured ladder, the ladder slipped on a rubber mat covered in cow manure and hay, and the ladder fell forward, striking the plaintiff's head and causing injuries. The failure to properly place and secure the ladder amounted to a violation of Labor Law § 240(1) (see Bland v Manocherian, 66 NY2d 453, 460; Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 841). Moreover, the violation of Labor Law § 240(1) proximately caused the plaintiff's injuries because the plaintiff was injured when the ladder "proved inadequate to shield [him] from harm directly flowing from the application of the force of gravity to an object or person" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [emphasis and internal quotation marks omitted]), and the hazard presented here is of the type contemplated by Labor Law § 240(1) (see Torres v Perry St. Dev. Corp., 104 AD3d 672, 675).
In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the risk of injury was foreseeable as a result of the violation of Labor Law § 240(1) (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562; Carillo v Circle Manor Apts., 131 AD3d 662, 662), and the protections provided under the statute are not limited to injuries caused by falling objects that were being hoisted or secured (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759). Moreover, the coworker's improper placement of the ladder was not of such an extraordinary nature or so attenuated from a violation of Labor Law § 240(1) as to sever the causal nexus between the defendant's statutory violation and the plaintiff's injuries (see Morocho v Plainview-Old Bethpage Cent. Sch. Dist., 116 AD3d 935, 936-937; Alomia v New York City Tr. Auth., 292 AD2d 403, 405).
The Supreme Court also erred in granting that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action. That statutory provision "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749 [internal quotation marks omitted]; see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761). As a predicate to a Labor Law § 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated in the Industrial Code (see Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086).
"In order to prevail on a Labor Law § 241(6) cause of action premised upon a violation of 12 NYCRR 23-1.8(c)(1), the plaintiff must establish that the job was a hard hat job, and that the plaintiff's failure to wear a hard hat was a proximate cause of his [or her] injury" (Reyes v Sligo Constr. Corp., 214 AD3d 1014, 1018 [internal quotation marks omitted]; see Aguilar v Graham Terrace, LLC, 186 AD3d at 1301). Here, the defendant failed to establish, prima facie, that the relevant work was not a hard hat job or that the plaintiff's lack of head protection played no role in the injuries he sustained when he was struck in the head by the ladder (see Reyes v Sligo Constr. Corp., 214 AD3d at 1018; Aguilar v Graham Terrace, LLC, 186 AD3d at 1301).
12 NYCRR 23-1.21(b)(4)(ii) provides that "[a]ll ladder footings shall be firm. Slippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings." Here, the defendant failed to establish, prima facie, that the rubber mat covered with cow manure [*3]and hay was not a slippery surface for the purpose of 12 NYCRR 23-1.21(b)(4)(ii).
The Supreme Court also should not have granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "Labor Law § 200 is a codification of the common-law duty of an owner or employer to provide employees with a safe place to work" (Gonzalez v City of New York, 227 AD3d 958, 959 [internal quotation marks omitted]). Labor Law § 200 imposes on owners, contractors, and their agents the duty to provide workers with a safe place to work (see Samperi v City Safety Compliance Corp., 225 AD3d 723, 724). When a claim is based on an alleged dangerous condition of a work site, the defendant may be liable where he or she had actual or constructive notice of the condition or created the condition (see Schick v 200 Blydenburgh, LLC, 88 AD3d 684, 686; Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 553). A defendant has constructive notice of a defect when it is visible and apparent and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (see Nicoletti v Iracane, 122 AD3d 811, 812). Here, the defendant's conclusory statements in his affidavit that he did not recall having entered the barn on the day of the accident and that he was unaware of the plaintiff's accident were insufficient to establish, prima facie, that he did not have actual or constructive notice of the alleged slippery condition (see Caracciolo v SHS Ralph, LLC, 226 AD3d 859; Korostynskyy v 416 Kings Hwy., LLC, 136 AD3d 758, 759).
We decline the plaintiff's request to search the record and award him summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 241(6) and 200.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court