Perez v ZZZ Carpentry, Inc.

2026 NY Slip Op 02293

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Osiel Perez, plaintiff-respondent, et al., plaintiff,

v

ZZZ Carpentry, Inc., defendant third-party plaintiff-appellant, et al., defendant; A.R. Equipment, LLC, third-party defendant-appellant. (Appeal No. 1)

Osiel Perez, et al., plaintiffs,

ZZZ Carpentry, Inc., defendant third-party plaintiff-respondent, et al., defendant; A.R. Equipment, LLC, third-party defendant-appellant. (Appeal No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-04316, 2022-09898, (Index No. 510843/19)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. McCormack, JJ.

Rosenbaum & Taylor, P.C. (Carol R. Finocchio, Water Mill, NY, of counsel), for third-party defendant-appellant in Appeal Nos. 1 and 2.

Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Anthony Lugara and Jessica Beauvais of counsel), for defendant third-party plaintiff-appellant in Appeal No. 1 and defendant third-party plaintiff-respondent in Appeal No. 2.

Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for plaintiff-respondent in Appeal No. 1.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, and a third-party action, inter alia, for contractual indemnification, (1) the third-party defendant appeals, and the defendant ZZZ Carpentry, Inc., separately appeals, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated May 13, 2022, and (2) the third-party defendant appeals from an order of the same court dated August 15, 2022. The order dated May 13, 2022, granted the motion of the plaintiff Osiel Perez for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted by that plaintiff against the defendant ZZZ Carpentry, Inc. The order dated August 15, 2022, insofar as appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract and failure to procure insurance.

ORDERED that the order dated May 13, 2022, is affirmed; and it is further,

ORDERED that the order dated August 15, 2022, is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff Osiel Perez, payable by [*2]the defendant ZZZ Carpentry, Inc., and the third-party defendant, and one bill of costs is awarded to the defendant ZZZ Carpentry, Inc., payable by the third-party defendant.

On July 23, 2018, the plaintiff Osiel Perez allegedly was injured while working on a construction project at certain premises owned by the defendant Angela Sun. The project was managed by the general contractor, the defendant ZZZ Carpentry, Inc. (hereinafter ZZZ Carpentry). ZZZ Carpentry hired the third-party defendant, A.R. Equipment, LLC (hereinafter AR Equipment), to perform demolition work on the project. Perez, an employee of AR Equipment, allegedly was injured when a section of a ceiling collapsed and fell on him.

Perez and another plaintiff subsequently commenced this action to recover damages for personal injuries, asserting causes of action against, among others, ZZZ Carpentry alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). ZZZ Carpentry commenced a third-party action against AR Equipment, inter alia, for contractual indemnification. Perez moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted by him against ZZZ Carpentry. AR Equipment moved, among other things, for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract and failure to procure insurance. In an order dated May 13, 2022, the Supreme Court granted the plaintiff's motion, and in an order dated August 15, 2022, the court, inter alia, denied those branches of AR Equipment's motion. ZZZ Carpentry appeals from the order dated May 13, 2022, and AR Equipment appeals from the orders dated May 13, 2022, and August 15, 2022.

"In order for liability to be imposed under Labor Law § 240(1), there must be a foreseeable risk of injury from an elevation-related hazard . . . as [d]efendants are liable for all normal and foreseeable consequences of their acts" (Carrillo v Circle Manor Apts., 131 AD3d 662, 662 [internal quotation marks omitted]; see Shipkoski v Watch Case Factory Assoc., 292 AD2d 587). The collapse of a permanent ceiling or similar structure may give rise to liability under the statute as long as the collapse of the permanent building structure was foreseeable, and accordingly, the need for safety devices, was foreseeable (see Carrillo v Circle Manor Apts., 131 AD3d at 663; Martins v Board of Educ. of City of N.Y., 82 AD3d 1062, 1063; Balladares v Southgate Owners Corp., 40 AD3d 667, 669). "To establish a prima facie case [a] plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that [the plaintiff] demonstrate that the risk of some injury from [the] defendants' conduct was foreseeable" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562).

Here, the evidence submitted by Perez in support of his motion for summary judgment established, prima facie, that the collapse of the ceiling and, in turn, the need for safety devices to protect him from that hazard, were foreseeable (see Mena v 485 Seventh Ave. Assoc. LLC, 199 AD3d 420, 421; Cavanagh v Mega Contr., Inc., 34 AD3d 411, 412; cf. Paguay v Cup of Tea, LLC, 165 AD3d 964, 966). In support of his motion, Perez submitted, inter alia, transcripts of the deposition testimony of ZZZ Carpentry's principal and one of AR Equipment's foremen. Such testimony established that the rear portion of the fourth floor ceiling had been demolished by employees of AR Equipment prior to the accident, leaving the remaining front portion of the ceiling in a weakened state; the remaining ceiling was being held up by 12- to 14-inch pieces of wood and was not adequately supported; the remaining ceiling was not braced, shored, or secured by either ZZZ Carpentry or AR Equipment, although AR Equipment left six two-by-four pieces of wood remaining in the existing walls to support the ceiling; and that ceilings at demolition sites should be secured at all times while workers were working underneath them. In opposition, ZZZ Carpentry and AR Equipment failed to raise a triable issue of fact. Contrary to the contentions of ZZZ Carpentry and AR Equipment, the work performed by Perez at the time of the accident was covered under Labor Law § 240(1), even though he was cleaning the area, as opposed to demolishing the ceiling (see id.; Saint v Syracuse Supply Co., 25 NY3d 117, 124-125). Accordingly, the Supreme Court properly granted that branch of Perez's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted by him against ZZZ Carpentry.

"Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the [*3]Department of Labor" (Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728; see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718). To sustain a cause of action pursuant to Labor Law § 241(6), "a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364; see Cagua v Bushwick Holdings, LLC, 238 AD3d 698, 702).

Here, Perez established, prima facie, that ZZZ Carpentry violated Industrial Code (12 NYCRR) § 23-3.3(b)(3), which provides that "[w]alls, chimneys and other parts of any building or other structure shall not be left unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration" (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 12). As ZZZ Carpentry and AR Equipment acknowledge, "the phrase 'by wind pressure or vibration,' does not attach to the words 'fall' or 'collapse,' but only to the immediately preceding words, 'be weakened'" (id. [internal quotation marks omitted]), and therefore, as the Supreme Court determined, Perez was not required to show that the ceiling collapsed or fell due to wind pressure or vibration to state a claim under 12 NYCRR 23-3.3(b)(3).

Perez also established, prima facie, that ZZZ Carpentry violated Industrial Code (12 NYCRR) § 23-3.3(c), which mandates continuing inspections during hand demolition operations, by submitting evidence that no such inspections were performed.

In opposition, ZZZ Carpentry and AR Equipment failed to raise a triable issue of fact with respect to either Industrial Code provision. Accordingly, the Supreme Court properly granted that branch of Perez's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted by him against ZZZ Carpentry.

Finally, the Supreme Court properly denied that branch of AR Equipment's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. "Workers' Compensation Law § 11 permits third-party claims against an injured worker's employer only under limited circumstances, including, as relevant here, where the third-party claim is 'based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant'" (Barrett v Magnetic Constr. Group Corp., 149 AD3d 1022, 1024, quoting Workers' Compensation Law § 11; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 365). Even an unsigned contract may be enforceable for purposes of Workers' Compensation Law § 11, as long as there "is objective evidence establishing that the parties intended to be bound" (Barrett v Magnetic Constr. Group Corp., 149 AD3d at 1024 [internal quotation marks omitted]; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 368).

Here, AR Equipment established its prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification third-party cause of action by submitting evidence that no written contract was in effect between it and ZZZ Carpentry at the time of Perez's accident. However, in opposition, ZZZ Carpentry raised a triable issue of fact as to whether AR Equipment intended to indemnify it (see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 414; Seales v Trident Structural Corp., 142 AD3d 1153, 1159; Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 363).

AR Equipment's remaining contentions are without merit.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

2022-04316 DECISION & ORDER ON MOTION

2022-09898

Osiel Perez, plaintiff-respondent, et al., plaintiff, v

ZZZ Carpentry, Inc., defendant third-party

plaintiff-appellant, et al., defendant;

A.R. Equipment, LLC, third-party defendant-appellant.

(Appeal No. 1)

Osiel Perez, et al., plaintiffs, v ZZZ Carpentry, Inc.,

defendant third-party plaintiff-respondent,

et al., defendant; A.R. Equipment, LLC,

third-party defendant-appellant.

(Appeal No. 2)

(Index No. 510843/19)

Appeals from an order of the Supreme Court, Kings County, dated May 13, 2022, and appeal from an order of the same court dated August 15, 2022. Motion by the plaintiff-respondent to strike stated portions of the third-party defendant-appellant's reply brief on the ground that they improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated July 1, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

ORDERED that the motion is granted, and all material on pages 3, 16, 17, 18, 22, 24, and 28 of the third-party defendant-appellant's reply brief relating to latent defects is stricken from the third-party defendant-appellant's reply brief and has not been considered in the determination of the appeals.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court